

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 14, 1947

Hon. Ralph Logan
District Attorney
51st Judicial District
San Angelo, Texas

Opinion No. V-140

Re: County Tax Assessor-
Collector, compensa-
tion of for collec-
tion of taxes for
County Junior College
District.

Dear Sir:

We refer to your letter of recent date ac-
knowledged by the Attorney General on April 8, 1947,
wherein you state that the Tax Assessor-Collector of
Tom Green County is retaining as his compensation for
assessing and collecting taxes for the County Junior
College District 1% of the total assessed valuations
of the county and 1% of the taxes collected in accord-
ance, he contends, with the provisions of Article 2792,
V.C.S. The County Junior College District contends
that said Collector's compensation should be not more
than 1% of the taxes assessed and not more than 1% of
the taxes collected, as provided under Article 2815h-4,
Section 3, V.C.S.

You have requested an opinion from this of-
fice on the following question: What is the proper ba-
sis for compensation of the County Tax Assessor-Collect-
or who has been designated in accordance with provisions
of Article 2815h, Section 7b (c), V.C.S., to collect
taxes for the Junior College District?

We understand that the governing board of
the County Junior College District, under the provisions
of Article 2815h, Sections 7b (c) and 22, V.C.S., has
authorized the collection and assessment of the College
District taxes by the County Tax Assessor-Collector.
Section 7b (c) was added to the Junior College statute,
Article 2815h, by Acts 1937, 45th Legislature, Ch. 130,
p. 248. This Section further provides that "When the
Assessor and Collector of county taxes is required to as-
sess and collect the taxes of a Junior College District,
he shall receive the same percentage as for State and
County taxes."

Section 7, Article 2815h, V.C.S., provides in part as follows:

> ". . ., provided the total amount
> of tax levied for Junior College purposes
> shall never exceed twenty (20) cents on
> the One Hundred Dollars of property val-
> uation within said District, . . ."

Article 2815h-4, Section 3, V.C.S, provides as follows:

> "When the Assessor and Collector
> of county taxes is designated by the Board
> of Trustees of a Junior College District
> or a Union Junior College District to col-
> lect, or to assess and collect, the taxes
> for such Junior College District, he shall
> collect, or assess and collect, the same
> and receive as compensation for his ser-
> vices not more than one (1%) per cent of
> the taxes assessed for assessing same,
> and not more than one (1%) per cent of the
> taxes collected for collecting same."

Article 2815h-4, enacted in Acts 1941, 47th Legislature, R.S., Ch. 5, p. 6, contains the latest ex- pression of the Legislature concerning the compensation receivable by a County Tax Assessor-Collector who has been authorized to collect taxes for a Junior College District. Article 2815h-4, Section 4, V.C.S., express- ly repeals all laws or parts of laws, insofar as they conflict with the provisions of Article 2815h-4. To the extent, therefore, that Article 2815h, Section 7b (c), V.C.S., conflicts with the provisions of Article 2815h-4, it is expressly modified or repealed thereby.

Article 2792, V.C.S, provides for the com- pensation of a County Tax Assessor-Collector when he is required to assess and collect taxes for an independent school district. True, there are provisions in Article 2815h providing that the laws applicable to independent school districts shall govern in certain matters in the regulation of a Junior College District. In the in- stant case, however, the matter of compensation of the County Tax Assessor-Collector for assessing and collect- ing County Junior College District taxes is expressly covered by Article 2815h-4, Section 3, of the Junior College statutes, and therefore Article 2792 has no ap- plication.

Accordingly, it is the opinion of this Department that the basis for determining the compensation to be received by a County Tax Assessor-Collector who has been authorized under the provisions of Article 2815h, Section 7b(c) and Section 22, V.C.S., to assess and collect taxes for a County Junior College District is found in Article 2815h-4, Section 3, V.C.S, which provides that he shall receive as compensation for his services not more than 1% of the taxes assessed and not more than 1% of the taxes collected. It follows that he is not, as contended, allowed as compensation 1% of the total assessed valuations of the county.

## SUMMARY

The compensation of a County Tax Assessor-Collector authorized under Article 2815h, Section 7b (c) and Section 22, V.C.S., to assess and collect taxes for a County Junior College District is fixed and governed by the provisions of Article 2815h-4, Section 3, V.C.S.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Chester E. Ollison
Assistant

CEO:djm:wb

APPROVED APRIL 15, 1947

ATTORNEY GENERAL OF TEXAS